IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY GIAMP,<br>    Plaintiff,<br><br>    v.<br><br>MYLAN PHARMACEUTICALS, INC.,<br>And MYLAN, INC.,<br>    Defendants. | Civil Action No. 12-0521<br>Magistrate Judge Cynthia Reed Eddy |

**MEMORANDUM OPINION**

Before the Court is defendants' Motion to Dismiss or Transfer for Improper Venue (ECF No. 3), pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and the exclusive venue provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3). For the reasons to follow, the Court will deny the motion to dismiss, but grant the alternative relief of transferring venue to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1406(a).

Plaintiff Kelly Giamp, a Caucasian female, alleges she was subjected to a nasty and hostile work environment and discriminated and retaliated against by defendants, Mylan Pharmaceuticals, Inc., ("MPI") and Mylan, Inc., on the basis of her gender and her relationship with an African American male co-worker. Plaintiff asserts federal question jurisdiction in this Court pursuant to 42 U.S.C. Section 2000, *et seq.*, and Section 2000(e)2-3 (Title VII), and the Civil Rights Acts of 1964 and 1991, and pendent jurisdiction over Count IV of her Complaint brought under the Pennsylvania Human Relations Act (PHRA), 43 P.S. Section 951, *et seq.* 955.

Although Plaintiff claims that "[a]ll, or substantially all, of the events, facts and circumstances giving rise to the instant Complaint occurred in the Western District of

Pennsylvania and therefore venue is appropriate under Title 28 U.S.C. §1391(b)(2) and (c)," Complaint, (ECF No. 1, ¶8), defendants aver that she "worked her entire tenure for MPI in Morgantown, West Virginia, where all alleged acts underlying her Complaint occurred and all relevant records are maintained."  Brief in Support of Motion to Dismiss or Transfer for Improper Venue, (ECF No. 4, p. 1). More specifically, defendants assert the following:

> This action arises out of Plaintiff's termination from her position as a Utility Worker D at MPI's Morgantown, West Virginia facility. [FN. 1]
>
> [FN. 1] Defendant Mylan Inc. has never employed Plaintiff, and is not a proper Defendant in this matter.
>
> MPI is a West Virginia corporation with its principal place of business located at 781 Chestnut Ridge Road, Morgantown, West Virginia. (Declaration of Sherrie Nelson ("Nelson Decl.") ¶2.) Plaintiff worked for MPI from October 5, 2006 until her final termination on November 30, 2010. (Nelson Decl. ¶4, Ex. A.) For the duration of her employment, Plaintiff worked at the Morgantown facility, where her employment records also were maintained. (Nelson Decl. ¶6.)
>
> Plaintiff's Complaint asserts claims for race and sex discrimination and retaliation under Title VII. (Compl. ¶¶ 24-41.) Plaintiff claims she was subjected to a hostile work environment throughout her employment and improperly terminated. (Compl. ¶ 13-23.) Plaintiff's supervisors and co-workers named in her Complaint are all employed by MPI at the Morgantown facility. (Nelson Decl. ¶11.) Likewise, the decision to terminate Plaintiff's employment was made by management personnel working at the Morgantown facility. (Nelson Decl. ¶9.) Following her termination, United Steelworkers Local 8-957, which represented Giamp and other workers at the Morgantown facility, filed a grievance challenging her termination. (Nelson Decl. ¶10.) Although the Union eventually withdrew that grievance, its initial purpose was to seek Plaintiff's reinstatement to her bargaining unit position at MPI's Morgantown facility. (Nelson Decl. ¶10, Ex. B.)

*Id*. at 2.

Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss or Transfer for Improper Venue (ECF No. 7) does not dispute these operative facts about her place of employment and

place where relevant employment records are kept as being the MPI facility in Morgantown, West Virginia. Therefore, the Court will accept those operative facts for purposes of deciding the pending motion.

Federal Rule of Civil Procedure 12(b)(3) permits the filing of motions to dismiss for improper venue. Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district, shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it should have been brought." 28 U.S.C. § 1406(a). Title VII contains a provision strictly limiting venue for civil rights actions:

> [A Title VII] action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3).

By this venue provision, Congress "intended to limit venue to the judicial districts concerned with the alleged discrimination." *Kravitz v. Inst. for Intern. Research, Inc.*, 1993 WL 453457, *2 (E.D. Pa. 1993); *Stebbins v. State Farm Mut. Auto. Ins., Co.*, 413 F.2d 1100, 1102 (D.C.Cir. 1969) ("the intent of Congress to limit venue to the judicial district concerned with the alleged discrimination seems clear"). The Title VII venue provisions are exclusive. *Id*. (citing *Thurmon v. Martin Marietta Data Sys.*, 596 F.Supp. 367, 368 (M.D.Pa. 1984). *See also Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 587–88 (9th Cir. 1991) (Title VII's specific venue provision supercedes the general venue provisions of 28 U.S.C. § 1391).

Pennsylvania is Plaintiff's state of citizenship and, she alleges, defendants are Pennsylvania corporations "with registered offices" in Pennsylvania, although defendants counter that "MPI is a West Virginia corporation with its principal place of business located at 781 Chestnut Ridge Road, Morgantown, West Virginia." Regardless of defendants' state of incorporation or citizenship, however, it is undisputed that Ms. Giamp worked at MPI's West Virginia facility, the relevant employment records are maintained at MPI's West Virginia facility, and Plaintiff sought reinstatement to her former position, which is at MPI's West Virginia facility. Under 42 U.S.C. § 2000e-5(f)(3), therefore, venue properly lies in the Northern District of West Virginia, and not in Pennsylvania.

Pursuant to 28 U.S.C. § 1406(a), this Court will grant defendants' motion to transfer venue to the United States District Court for the Northern District of West Virginia.[1] A separate Order of Court shall be issued.

By the Court:

s/Cythia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all counsel registered on ECF

---

[1] Because motions to transfer, unlike motions to dismiss, are not listed as dispositive in Local Rule 71.1.4, a Magistrate Judge may rule on such motions pursuant to 28 U.S.C. § 636(b)(1)(A). *See, e.g. Silong v. United States*, 2006 WL 948048, at *1 n.1 (M.D. Fla. 2006). *See also In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (a dispositive order is one that "terminates the matter in the federal court"). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." *Adams v. Key Tronic Corp.*, 1997 WL 1864, at *1 (S.D.N.Y. 1997) (collecting cases). *See also Holley v. Robinson*, 2010 WL 1837797, *2 (M.D.Pa. 2010) (since "order transferring a case is not a dispositive final order in that case, this proposed transfer is a matter which lies within the authority of either the district court, or this [magistrate] court."); *Berg v. Aetna Freight Lines*, 2008 WL 2779294, at *1 (W.D.Pa. 2008) ("A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)." (collecting cases)). Where an appeal is taken from a Magistrate Judge's ruling on a nondispositive motion the "clearly erroneous or contrary to law" standard of review applies. *See* 28 U.S.C. § 636(b)(1)(A) (stating standard of review for nondispositive matters); Fed. R. Civ, P. 72(a) (same); Local Rule 72.1.3(B) (same).